# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| SHERI FLOURNOY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br><br>ENHANCED RECOVERY COMPANY, LLC dba ERC,<br><br>Defendants. | Civil Case Number:  1:17-cv-4207<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff SHERI FLOURNOY (hereinafter, "Plaintiff"), an Indiana resident, brings this class action complaint by and through the undersigned attorneys against Defendant, ENHANCED RECOVERY COMPANY, LLC dba ERC. (hereinafter "Defendant" or "ERC"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Indiana consumers seeking redress for Defendant's actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of the State of Indiana, County of Marion, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant ERC is a collection agency with its principal office located in Jacksonville, Florida and its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to November 14, 2016, an obligation was allegedly incurred to TD Bank USA, N.A./Target Credit Card.

15. The TD Bank USA, N.A./Target Credit Card obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged TD Bank USA, N.A./Target Credit Card obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. TD Bank USA, N.A./Target Credit Card is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the TD Bank USA, N.A./Target Credit Card debt is past due.

19. Defendant is a company that uses mail, telephone or facsimile in a business the principal

purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

20. On or about November 14, 2016, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged TD Bank USA, N.A./Target Credit Card debt. *See* **Exhibit A.**

21. The November 14, 2016 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

22. The November 14, 2016 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

23. The Plaintiff received and read the Letter.

24. The Letter stated in part:

> Amount of Debt:     $503.96
> Reference Number:   ▇▇▇▇▇▇
> Settlement Amount: $251.98

25. The Letter further stated:

   "This settlement may have tax consequences.  Please consult your tax advisor."

26.  The above statement in the Collection Letter is false, deceptive and misleading.

27. IRS Regulation 1.6050P requires that an 'applicable entity' report a cancellation or discharge of indebtedness under certain circumstances, but only when the forgiveness is in excess of $600.00.

28. In the context of this Collection Letter, Defendant's statement that the "settlement may have tax consequences" can be read in two or more ways, one of which is inaccurate.

29. The natural reading is that the event may – or may not – come to pass.  As a practical matter, tax consequences would <u>never</u> come to pass in the settlement of this $503.96 debt.

30. Defendant had reason to know that there would be no debt cancellation exceeding $600.00 in the case of the settlement of this alleged $503.96 debt. Thus, the statement that "This settlement may have tax consequences" is misleading and deceptive in the context of this letter.

31. Furthermore, there was no reason to include this tax statement in this Letter seeking to collect $251.98 on a $503.96 debt, which would result in a discharge amount of $251.98.

32. This unnecessary statement is materially misleading because *inter alia*:

    a. It needlessly injects the IRS into the collection process;

    b. It injects confusion as discharge of alleged indebtedness is not always taxable;

    c. The statement can negatively influence someone contemplating bankruptcy. The underlying debt here would almost always be dischargeable. However, any tax obligation that is created by the cancellation of the underlying debt would be non-dischargeable for at least three years. See, 11 USC 523(a)(1)(A) and 11 USC 507(a)(8)(A)(i).

33. By inputting this language, the Defendant caused the Plaintiff a real risk of harm.

34. Upon information and belief, the Defendant's use of this tax statement was a 'collection ploy' meant to increase the Defendant's collections. *See, Good v. Nationwide Credit, Inc.,* 55 F. Supp.3d 742 (EDPA 2014).

35. Defendant's invocation of the IRS reasonably suggests that the debtor could get in trouble with the IRS for refusal to pay the debt. *See e.g., Velez v. Enhanced Recovery Company, LLC,* 2016 WL 1730721 (EDPA 2016).

36. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ALLEGATIONS

37. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes (the "Classes") consisting of:

    a) All consumers who have an address in the State of Indiana b) who were sent a collection letter from the Defendant c) attempting to collect an alleged consumer debt owed to TD Bank USA, N.A d) that states "This settlement may have tax consequences" e) where there would never be any tax consequences f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

38. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

39. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

40. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The

principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A,* violate 15 U.S.C. § 1692e.

41. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

42. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

43. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e.

   (c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    (d)    **<u>Adequacy:</u>** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

44. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

45. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **<u>COUNT I</u>**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

48. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

49. The Defendants violated said section in its letter to the Plaintiff by:

    a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;

    b. Making a threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 1692e(5);

    c. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

50. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY·

43. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: November 13, 2017

By: *s/Yitzchak Zelman, Esq.*
Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone: (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
*Attorneys for Plaintiff*